UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NEW ENGLAND REINSURANCE CORPORATION, | : | 3:12cv948 (WWE) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FERGUSON ENTERPRISES, INC. (successor-in-interest to P.E. O'Hair & Company Inc.); AMERICAN INSURANCE COMPANY; AVIVA CANADA INC. (successor-in-interest to Commercial Union Assurance of Canada); CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA; EMPLOYERS INSURANCE COMPANY OF WAUSAU; FIREMAN'S FUND INSURANCE COMPANY; GREAT AMERICAN INSURANCE COMPANY; CONTINENTAL INSURANCE COMPANY (successor-in-interest to Harbor Insurance Company); INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; NATIONAL AMERICAN INSURANCE COMPANY (successor-in-interest to American National Fire Insurance Company); NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; PACIFIC INDEMNITY COMPANY; and ST. PAUL PROTECTIVE INSURANCE COMPANY (as successor-in-interest to Northbrook Property & Casualty Insurance Company), | : | |
| Defendants. | : | |

**RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

In this declaratory judgment action, plaintiff New England Reinsurance ("New England") seeks summary judgment on a certain liability insurance policy issued to P.E.

O'Hair & Company ("O'Hair" or "Insured") by St. Paul Protective Insurance Company (the "1985-87 Umbrella Policy").  Specifically, plaintiff requests that the Court determine whether the exclusionary clause relevant to asbestos-related injuries fails to include "bodily injury" in its coverage bar.  For the following reasons, the Court will deny the motion for summary judgment.

### Background

The parties have submitted statements of facts, with supporting exhibits and affidavits.  The following facts are not in dispute.

O'Hair was a California-based corporation that sold or distributed plumbing supply products that contained asbestos.[1]  O'Hair and its successors have been named as defendants in numerous asbestos-related lawsuits that were filed largely in California.

St Paul issued to O'Hair, the Insured, the 1985-1987 Umbrella Policy that defined four specific types of injury or damage.

"Bodily injury" was defined as "injury, sickness or disease, or death at any time resulting therefrom."

"Personal injury" was defined as "(1) false arrest, wrongful detention or imprisonment, or malicious prosecution; (2) libel, slander, defamation or violation of right of privacy; (3) wrongful entry or eviction or other invasion of private occupancy of an occupant in possession."

"Property damage" was defined as "(1) physical injury to tangible property other

---

[1] California is both O'Hair's place of business and incorporation.

2

than (a) the Insured's products or any part thereof out of which the physical injury arises, or (b) work performed by or on behalf of the Insured or any portion thereof, or out of materials, parts or equipment furnished in connection therewith out of which the physical injury arises which occurs during the policy period including loss of use of the physically injured tangible property any time, or (2) loss of use of tangible property which has not been physically injured if the loss results from physical injury during the policy period to tangible property other than (a) the Insured's products or any part thereof out of which the physical injury arises, or (b) work performed by or on behalf of the Insured or any portion thereof, or out of materials, parts or equipment furnished in connection therewith out of which physical injury arises."

"Advertising Injury" was defined as follows: "if committed or alleged to have been committed in any advertising, publicity article, broadcast or telecast and arising out of the Insured's advertising activities: libel, slander, defamation, infringement of copyright, title or slogan, piracy, unfair competition, idea misappropriation or invasion of privacy."

The 1985-1987 Umbrella Policy provided for an exclusion for asbestos-related coverage for personal injury, property damage or advertising liability. It stated:

> Any personal injury, property damage or advertising liability imposed by law or assumed under contract by the insured arising out of any exposure to asbestos or asbestos related products is excluded from the coverage provided by this policy.

St. Paul issued a second umbrella policy to P.E. O'Hair that was effective February 1, 1987 to February 1, 1988 that contained an exclusionary clause, providing that "coverage afforded by this policy does not apply to bodily injury, personal injury or

property damage" related to asbestos exposure.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

New England Reinsurance Corporation argues that the 1985-1987 Umbrella Policy provides an exclusionary clause that fails, by its plain language, to include bodily

injury within its coverage bar.  St. Paul does not dispute that the exclusionary clause at issue does not include "bodily injury."

In a prior ruling on a motion for partial summary judgment dated April 8, 2014, this Court determined that California state law applied to the interpretation of the insurance policies at issue.  New England Reinsurance asserts that the Court should not consider any extrinsic evidence to determine the intent of the parties because the language of the exclusionary clause is plain and unambiguous.  See Adamo v. Fire Ins. Exch., 219 Cal. App. 4th 1286, 1298 (2013).

In opposition, St. Paul responds that the failure to include bodily injury in the exclusionary clause represents a mistake or a scrivener's error. St. Paul maintains that reformation of the contract is warranted due to mutual mistake of the parties, even in the absence of ambiguous language.  See Carman v. Athearn, 77 Cal. App. 2d 595, 596 (1947) (ambiguity is not necessary for reformation).

St. Paul asserts that the parties' performance supports its position that the parties intended to include "bodily injury" in the exclusionary clause.  St. Paul also asserts that New England Reinsurance has filed this motion prematurely as St. Paul has not completed discovery into the intent of the parties in drafting the exclusionary clause.

In support of its contention that the exclusionary clause was drafted contrary to the intent of the parties, St. Paul relies upon a 1995 reservation of rights letter written by a St. Paul claims representative to Barry Lee, the Insured's counsel, regarding

claims for bodily injury stemming from asbestos exposure.  The 1995 reservation of rights letter informed Lee that, due to the exclusionary language of the 1985-1987 Umbrella Policy, coverage was not available for such claims under that umbrella policy.  Lee responded to the reservation of rights letter without contesting the assertion that "bodily injury" was excluded from the coverage of the umbrella policy.

The Court finds that the reservation of rights letter raises an issue of fact material to whether the contracting parties' intent is reflected in the exclusionary clause.

The Court will deny the motion for summary judgment.  At this writing, discovery regarding the contractual intent of the parties should be completed and any further dispositive motions are due by July 30, 2015.  The Court will allow either party to file a motion for summary judgment on this issue on or before July 30, 2015.

## **CONCLUSION**

For the foregoing reasons, the motion for partial summary judgment [doc. #247] is DENIED.

      /s/Warren W. Eginton

Warren W. Eginton, Senior U.S. District Judge


Dated this _16th___day of January, 2015 at Bridgeport, Connecticut.